TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
DAVID R. FRIEDMAN (Cal. Bar No. 300737)
Assistant United States Attorney
Criminal Appeals Section
    1000 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7418
    Facsimile: (213) 894-8513
    E-mail:   David.Friedman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

**8/30/2021**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ JB _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

           v.

DEREK FUTEMA,

        Defendant.

No. 2:21-cr-00406-RGK

PLEA AGREEMENT FOR DEFENDANT
DEREK FUTEMA

    1.   This constitutes the plea agreement between DEREK FUTEMA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of defendant's misuse of government seals and scheme to defraud victim T.O. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Wrongful Use and Transfer of Documents Bearing Fraudulent Government Seals, in violation of 18 U.S.C. § 1017.

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Agree that all court appearances, including his change of plea hearing and sentencing hearing, may proceed by video-conferencing ("VTC") or telephone, if VTC is not reasonably available, so long as such appearances are authorized by General Order 21-065 or another order, rule, or statute. Defendant understands that, under the Constitution, the United States Code, the Federal Rules of Criminal Procedure (including Rules 11, 32, and 43), he may have the right to by physically present at these hearings. Defendant understands that right and, after consulting with counsel, voluntarily agrees to waive it and to proceed remotely. Defense counsel also joins in this consent, agreement, and waiver. Specifically, this agreement includes, but is not limited to, the following:

i. Defendant consents under Section 15002(b) of the CARES Act to proceed with his change of plea hearing by VTC or telephone, if VTC is not reasonably available.

1          ii.  Defendant consents under Section 15002(b) of the

2  CARES Act to proceed with his sentencing hearing by VTC or telephone,

3  if VTC is not reasonably available.

4          iii. Defendant consents under 18 U.S.C. § 3148 and

5  Section 15002(b) of the CARES Act to proceed with any hearing

6  regarding alleged violations of the conditions of pretrial release by

7  VTC or telephone, if VTC is not reasonably available.

8          f.  Not commit any crime; however, offenses that would be

9  excluded for sentencing purposes under United States Sentencing

10  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

11  within the scope of this agreement.

12          g.  Be truthful at all times with the United States

13  Probation and Pretrial Services Office and the Court.

14          h.  Pay the applicable special assessment at or before the

15  time of sentencing unless defendant has demonstrated a lack of

16  ability to pay such assessment.

17  THE USAO'S OBLIGATIONS

18  3.  The USAO agrees to:

19          a.  Not contest facts agreed to in this agreement.

20          b.  Abide by all agreements regarding sentencing contained

21  in this agreement.

22          c.  At the time of sentencing, provided that defendant

23  demonstrates an acceptance of responsibility for the offense up to

24  and including the time of sentencing, recommend a two-level reduction

25  in the applicable Sentencing Guidelines offense level, pursuant to

26  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

27  additional one-level reduction if available under that section.

28          d.  Recommend that defendant be sentenced to a term of

3

imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 20 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

e.    Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 18 U.S.C. § 912, 18 U.S.C. § 1028A, 18 U.S.C. § 1343, or other offenses under Title 18 of the United States Code arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 10 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

### NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in the sole count of the information, that is, Wrongful Use and Transfer of Documents Bearing Fraudulent Government

4

1   Seals, in violation of Title 18, United States Code, Section 1017,

2   the following must be true:

3           a.   First, the defendant used or transferred to another

4   person a certificate, instrument, document, or paper fraudulently or

5   wrongfully affixed with a government seal;

6           b.   Second, the defendant knew that the government seal

7   had been fraudulently or wrongfully affixed to the certificate,

8   instrument, document, or paper; and

9           c.   Third, the defendant acted with fraudulent intent.

10                      PENALTIES AND RESTITUTION

11      5.   Defendant understands that the statutory maximum sentence

12  that the Court can impose for a violation of Title 18, United States

13  Code, Section 1017, is: 5 years' imprisonment; a 3-year period of

14  supervised release; a fine of $250,000 or twice the gross gain or

15  gross loss resulting from the offense, whichever is greatest; and a

16  mandatory special assessment of $100.

17      6.   Defendant understands that supervised release is a period

18  of time following imprisonment during which defendant will be subject

19  to various restrictions and requirements.  Defendant understands that

20  if defendant violates one or more of the conditions of any supervised

21  release imposed, defendant may be returned to prison for all or part

22  of the term of supervised release authorized by statute for the

23  offense that resulted in the term of supervised release, which could

24  result in defendant serving a total term of imprisonment greater than

25  the statutory maximum stated above.

26      7.   Defendant understands that defendant will be required to

27  pay full restitution to the victim of the offense to which defendant

28  is pleading guilty, namely Victim T.O.  Defendant agrees that, in

5

1 return for the USAO's compliance with its obligations under this

2 agreement, the Court may order restitution to persons other than the

3 victim of the offense to which defendant is pleading guilty and in

4 amounts greater than those alleged in the count to which defendant is

5 pleading guilty.  In particular, defendant agrees that the Court may

6 order restitution to any victim of any of the following for any

7 losses suffered by that victim as a result: (a) any relevant conduct,

8 as defined in U.S.S.G. § 1B1.3, in connection with the offense to

9 which defendant is pleading guilty; and (b) any charges not

10 prosecuted pursuant to this agreement as well as all relevant

11 conduct, as defined in U.S.S.G. § 1B1.3, in connection with those

12 charges.  The parties currently believe that the applicable amount of

13 restitution is approximately $520,059.99, but recognize and agree

14 that this amount could change based on facts that come to the

15 attention of the parties prior to sentencing.

16     8.   Defendant understands that, by pleading guilty, defendant

17 may be giving up valuable government benefits and valuable civic

18 rights, such as the right to vote, the right to possess a firearm,

19 the right to hold office, and the right to serve on a jury.

20 Defendant understands that he is pleading guilty to a felony and that

21 it is a federal crime for a convicted felon to possess a firearm or

22 ammunition.  Defendant understands that the conviction in this case

23 may also subject defendant to various other collateral consequences,

24 including but not limited to revocation of probation, parole, or

25 supervised release in another case and suspension or revocation of a

26 professional license.  Defendant understands that unanticipated

27 collateral consequences will not serve as grounds to withdraw

28 defendant's guilty plea.

1     9.    Defendant understands that, if defendant is not a United

2   States citizen, the felony conviction in this case may subject

3   defendant to: removal, also known as deportation, which may, under

4   some circumstances, be mandatory; denial of citizenship; and denial

5   of admission to the United States in the future.  The Court cannot,

6   and defendant's attorney also may not be able to, advise defendant

7   fully regarding the immigration consequences of the felony conviction

8   in this case.  Defendant understands that unexpected immigration

9   consequences will not serve as grounds to withdraw defendant's guilty

10  plea.

11                          FACTUAL BASIS

12    10.   Defendant admits that defendant is, in fact, guilty of the

13  offense to which defendant is agreeing to plead guilty.  Defendant

14  and the USAO agree to the statement of facts provided below and agree

15  that this statement of facts is sufficient to support a plea of

16  guilty to the charge described in this agreement and to establish the

17  Sentencing Guidelines factors set forth in paragraph 12 below but is

18  not meant to be a complete recitation of all facts relevant to the

19  underlying criminal conduct or all facts known to either party that

20  relate to that conduct.

21    Beginning in December 2016, and continuing until in or about

22  June 2018, within the Central District of California, in Los Angeles

23  County, defendant used and transferred to another person documents

24  that had been fraudulently and wrongfully affixed with government

25  seals.  Defendant knew that the documents had been fraudulently and

26  wrongfully affixed with government seals.  And defendant used and

27  transferred these documents as part of scheme to defraud victim T.O.

28  This scheme operated in substance as follows:

Defendant is a broker for luxury cars.  In April 2016, victim T.O. entered into a contract with defendant to obtain a particular car.  Under the terms of the contract, defendant was to purchase a 1991 Ferrari F40 from a seller in Italy for victim T.O.  Later that month, victim T.O. made several payments to defendant that totaled $520,059.99 pursuant to the contract.  Once the final payment was made, defendant told victim T.O. that the car would be delivered within the next several weeks, and would be imported through U.S. Customs & Border Protection ("CBP") in Long Beach, CA.

Defendant, however, never obtained the car for victim T.O. Instead, defendant falsely represented to victim T.O. that there were delays in the delivery process.  Defendant also used various ruses to make it appear to victim T.O. as if he was trying to resolve these delays.  Among other things, defendant sent victim T.O. letters and emails that were purportedly from CBP employees.  According to defendant, these communications substantiated his claims that the delivery of the car had been held up for various reasons.

In reality, defendant forged all of the letters and emails as part of his scheme to defraud victim T.O.  To make the documents seem authentic, defendant listed real CBP employees as the sender of many of the letters.  These employees, however, had no role in drafting or sending the forged letters.  Defendant also fraudulently and wrongfully affixed government seals to many of the forged letters and emails.  These documents are described below:

- On December 27, 2016, defendant sent victim T.O. a forged letter that was purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On June 17, 2017, defendant sent victim T.O. a forged

letter that was purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On July 20, 2017, defendant sent victim T.O. a forged email that was purportedly from a CBP email address.  This email was fraudulently and wrongfully affixed with the seals of both CBP and the Department of Homeland Security.

- On November 14, 2017, defendant sent victim T.O. a forged letter purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On January 18, 2018, defendant sent victim T.O. a forged letter purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On March 27, 2018, defendant sent victim T.O. a forged letter purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On April 20, 2018, defendant sent victim T.O. a forged letter purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On May 22, 2018, defendant sent victim T.O. a forged letter purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On June 8, 2018, defendant sent victim T.O. a forged letter purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

- On June 26, 2018, defendant sent victim T.O. a forged letter purportedly from a CBP employee.  This letter was fraudulently and wrongfully affixed with the seal of CBP.

Defendant used and transferred these documents to victim T.O. with the knowledge that they were fraudulently and wrongfully affixed with government seals.  Defendant also acted with the intent to defraud victim T.O.  Specifically, defendant used and transferred these documents to lull victim T.O. into a false sense of security and prevent him from discovering the fraudulent scheme.

Defendant admits that the offense resulted in an actual loss of

$520,059.99 because he never repaid any of victim T.O.'s money. Defendant further admits that, as part of the offense, he both (a) misrepresented that he was acting on behalf of a government agency -- that is, both CBP and the Department of Homeland Security in the forged letters and emails -- and (b) targeted victims who were government officers and employees -- that is, the real CBP employees who purportedly sent the forged letters.

<u>SENTENCING FACTORS</u>

11.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Loss Amount Over $250,000: | +12 | U.S.S.G. § 2B1.1(b)(1)(G) |
| Misrepresentation of Government Agency: | +2 | U.S.S.G. § 2B1.1(b)(9) |
| Official Victims: | +3 | U.S.S.G. § 3A1.2(a) |

10

1   Defendant and the USAO reserve the right to argue that additional

2   specific offense characteristics, adjustments, and departures under

3   the Sentencing Guidelines are appropriate.

4       13.   Defendant understands that there is no agreement as to

5   defendant's criminal history or criminal history category.

6       14.   Defendant and the USAO reserve the right to argue for a

7   sentence outside the sentencing range established by the Sentencing

8   Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

9   (a)(2), (a)(3), (a)(6), and (a)(7).

10   <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

11       15.   Defendant understands that by pleading guilty, defendant

12   gives up the following rights:

13           a.   The right to persist in a plea of not guilty.

14           b.   The right to a speedy and public trial by jury.

15           c.   The right to be represented by counsel -- and if

16   necessary have the Court appoint counsel -- at trial.  Defendant

17   understands, however, that, defendant retains the right to be

18   represented by counsel -- and if necessary have the Court appoint

19   counsel -- at every other stage of the proceeding.

20           d.   The right to be presumed innocent and to have the

21   burden of proof placed on the government to prove defendant guilty

22   beyond a reasonable doubt.

23           e.   The right to confront and cross-examine witnesses

24   against defendant.

25           f.   The right to testify and to present evidence in

26   opposition to the charges, including the right to compel the

27   attendance of witnesses to testify.

28

11

1    g.   The right not to be compelled to testify, and, if
2 defendant chose not to testify or present evidence, to have that
3 choice not be used against defendant.

4    h.   Any and all rights to pursue any affirmative defenses,
5 Fourth Amendment or Fifth Amendment claims, and other pretrial
6 motions that have been filed or could be filed.

7                WAIVER OF APPEAL OF CONVICTION

8    16.  Defendant understands that, with the exception of an appeal
9 based on a claim that defendant's guilty plea was involuntary, by
10 pleading guilty defendant is waiving and giving up any right to
11 appeal defendant's conviction on the offense to which defendant is
12 pleading guilty.  Defendant understands that this waiver includes,
13 but is not limited to, arguments that the statute to which defendant
14 is pleading guilty is unconstitutional, and any and all claims that
15 the statement of facts provided herein is insufficient to support
16 defendant's plea of guilty.

17          LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18    17.  Defendant agrees that, provided the Court imposes a
19 sentence at or below the statutory maximum, defendant gives up the
20 right to appeal all of the following: (a) the procedures and
21 calculations used to determine and impose any portion of the
22 sentence; (b) the term of imprisonment imposed by the Court; (c) the
23 fine imposed by the Court, provided it is within the statutory
24 maximum; (d) to the extent permitted by law, the constitutionality or
25 legality of defendant's sentence, provided it is within the statutory
26 maximum; (e) the amount and terms of any restitution order; (f) the
27 term of probation or supervised release imposed by the Court,
28 provided it is within the statutory maximum; and (g) any of the

following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided all portions of the sentence are at or below the statutory maximum specified above, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $520,059.99.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to

13

1   pursue any charge that was either dismissed or not filed as a result
2   of this agreement, then (i) any applicable statute of limitations
3   will be tolled between the date of defendant's signing of this
4   agreement and the filing commencing any such action; and
5   (ii) defendant waives and gives up all defenses based on the statute
6   of limitations, any claim of pre-indictment delay, or any speedy
7   trial claim with respect to any such action, except to the extent
8   that such defenses existed as of the date of defendant's signing this
9   agreement.

10                  RESULT OF VACATUR, REVERSAL OR SET-ASIDE
11       21.  Defendant agrees that if the count of conviction is
12   vacated, reversed, or set aside, both the USAO and defendant will be
13   released from all their obligations under this agreement.

14                      EFFECTIVE DATE OF AGREEMENT
15       22.  This agreement is effective upon signature and execution of
16   all required certifications by defendant, defendant's counsel, and an
17   Assistant United States Attorney.

18                          BREACH OF AGREEMENT
19       23.  Defendant agrees that if defendant, at any time after the
20   signature of this agreement and execution of all required
21   certifications by defendant, defendant's counsel, and an Assistant
22   United States Attorney, knowingly violates or fails to perform any of
23   defendant's obligations under this agreement ("a breach"), the USAO
24   may declare this agreement breached.  All of defendant's obligations
25   are material, a single breach of this agreement is sufficient for the
26   USAO to declare a breach, and defendant shall not be deemed to have
27   cured a breach without the express agreement of the USAO in writing.
28   If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.   While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

16

1  fulfill all defendant's obligations under this agreement.  Defendant

2  understands that no one -- not the prosecutor, defendant's attorney,

3  or the Court -- can make a binding prediction or promise regarding

4  the sentence defendant will receive, except that it will be within

5  the statutory maximum.

6  NO ADDITIONAL AGREEMENTS

7      28.   Defendant understands that, except as set forth herein,

8  there are no promises, understandings, or agreements between the USAO

9  and defendant or defendant's attorney, and that no additional

10  promise, understanding, or agreement may be entered into unless in a

11  writing signed by all parties or on the record in court.

12  PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13      29.   The parties agree that this agreement will be considered

14  part of the record of defendant's guilty plea hearing as if the

15  entire agreement had been read into the record of the proceeding.

16  AGREED AND ACCEPTED

17  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
18  CALIFORNIA

19  TRACY L. WILKISON
   Acting United States Attorney

20

21  _David Friedman_                              **8/27/2021**
   _____       _____
22  DAVID R. FRIEDMAN                     Date
   Assistant United States Attorney

23  _____       _____
                                          8/26/21
24  DEREK FUTEMA                          Date
   Defendant

25  _Richard D. Goldman_                          **8/27/2021**
   _____       _____
26  RICHARD GOLDMAN                       Date
   Attorney for Defendant DEREK FUTEMA

27

28

17

1            <u>CERTIFICATION OF DEFENDANT</u>

2        I have read this agreement in its entirety.  I have had enough

3  time to review and consider this agreement, and I have carefully and

4  thoroughly discussed every part of it with my attorney.  I understand

5  the terms of this agreement, and I voluntarily agree to those terms.

6  I have discussed the evidence with my attorney, and my attorney has

7  advised me of my rights, of possible pretrial motions that might be

8  filed, of possible defenses that might be asserted either prior to or

9  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

10 of relevant Sentencing Guidelines provisions, and of the consequences

11 of entering into this agreement.  No promises, inducements, or

12 representations of any kind have been made to me other than those

13 contained in this agreement.  No one has threatened or forced me in

14 any way to enter into this agreement.  I am satisfied with the

15 representation of my attorney in this matter, and I am pleading

16 guilty because I am guilty of the charge and wish to take advantage

17 of the promises set forth in this agreement, and not for any other

18 reason.

19

20 _____          ___8/26/21_____
   DEREK FUTEMA                            Date
   Defendant

21

22

23         <u>CERTIFICATION OF DEFENDANT'S ATTORNEY</u>

24       I am DEREK FUTEMA's attorney.  I have carefully and thoroughly

25 discussed every part of this agreement with my client.  Further, I

26 have fully advised my client of his rights, of possible pretrial

27 motions that might be filed, of possible defenses that might be

28 asserted either prior to or at trial, of the sentencing factors set

                                18

1   forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

2   provisions, and of the consequences of entering into this agreement.

3   To my knowledge: no promises, inducements, or representations of any

4   kind have been made to my client other than those contained in this

5   agreement; no one has threatened or forced my client in any way to

6   enter into this agreement; my client's decision to enter into this

7   agreement is an informed and voluntary one; and the factual basis set

8   forth in this agreement is sufficient to support my client's entry of

9   a guilty plea pursuant to this agreement.

10

      8/27/2021

11 RICHARD GOLDMAN             Date
   Attorney for Defendant DEREK FUTEMA

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# Exhibit A

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                      FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,              No.

11              Plaintiff,                  I N F O R M A T I O N

12              v.                          [18 U.S.C. § 1017: Wrongful Use and
                                            Transfer of Documents Bearing
13   DEREK FUTEMA,                          Fraudulent Government Seals]

14              Defendant.

15

16        The Acting United States Attorney charges:

17                          [18 U.S.C. § 1017]

18        On or about December 27, 2016, in Los Angeles County, within the

19   Central District of California, defendant DEREK FUTEMA fraudulently

20   and wrongfully used and transferred to another a certificate,

21   instrument, commission, document, and paper, to which and upon which

22   the seal of a department and agency of the United States, namely,

23   //

24   //

25

26

27

28

1  United States Customs and Border Protection, had been fraudulently

2  affixed and impressed, with knowledge of its fraudulent character.

3

4                                        TRACY L. WILKISON
                                         Acting United States Attorney

5

6

7                                        SCOTT M. GARRINGER
                                         Assistant United States Attorney
8                                        Chief, Criminal Division

9                                        JOSHUA O. MAUSNER
                                         Assistant United States Attorney
10                                       Deputy Chief, General Crimes
                                         Section
11
                                         DAVID R. FRIEDMAN
12                                       Assistant United States Attorney
                                         Criminal Appeals Section

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I, Pauline D. Martinez, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction

I served a copy of:

**PLEA AGREEMENT FOR DEREK FUTEMA**

service was:

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☒ **By Via email, as follows:**

**Richard_Goldman@fd.org**

This Certificate is executed on **August 30, 2021**, at Los Angeles, California.  I certify under penalty of perjury that the foregoing is true and correct.

s/ Pauline D. Martinez
PAULINE D. MARTINEZ